UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-20-3853-MWF (PVCx)                    Date:  November 2, 2020
Title:    Anthony Bouyer v. 603 San Fernando Road, LLC

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**  ORDER RE: PLAINTIFF'S AMENDED APPLICATION FOR DEFAULT JUDGMENT [19]

Before the Court is Plaintiff Anthony Bouyer's Amended Application for Default Judgment against Defendant 603 San Fernando Road, LLC (the "Motion"), filed on September 14, 2020. (Docket No. 19).  Defendant did not file an opposition.

The Motion was noticed to be heard on October 19, 2020.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  Vacating the hearing is also consistent with General Order 20-09 arising from the COVID-19 pandemic.

The Motion is **DENIED** *without prejudice*.  Plaintiff has not established that Defendant has been properly served, and therefore, has not satisfied the procedural requirements to obtain an entry of default judgment.

Plaintiff initially filed an application for default judgment on July 16, 2020. (Docket No. 16).  The Court denied the application without prejudice because Plaintiff did not explain why the address of service was consistent with valid service under federal or California law or why Brian Blakenship appeared to be the person in charge. (Docket No. 18).  The Court ordered plaintiff to refile his application by September 14, 2020.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-20-3853-MWF (PVCx)**          **Date: November 2, 2020**
**Title:**     Anthony Bouyer v. 603 San Fernando Road, LLC

    After additional briefing, the Court is still not satisfied that the original service of process was proper. Personal service of a copy of any process against a limited liability company ("LLC") may be made by delivery to any individual designated by the LCC as its agent. Cal. Corp. Code § 17701.16(b). If personal service of the agent is not possible after "reasonable diligence," it may instead be served "by leaving a copy of the summons and complaint at the person's . . . usual place of business" with "a personal apparently in charge of his or her . . . place or business . . . who shall be informed of the contents thereof[.]" Cal. Code Civ. Proc. § 415.20(b). Plaintiff must thereafter mail "a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." *Id.*

    Ian Landsberg, Esq., is Defendant's registered agent for service of process. The process server alleges that she attempted to serve Ian Landsberg at his registered address of 9300 Wilshire Blvd. #565, Beverly Hills, CA 90212. (Declaration of Adriana M. Achucarro ("Achucarro Decl.") (Docket No. 19-4)). Upon arrival at this address, Achucarro was informed that Ian Landsberg was no longer at that address. (*Id.* ¶ 3). Achucarro then located Landsberg's current address, 1880 Century Park East, Suite 300, Los Angeles, CA 90067. When Achucarro arrived at 1880 Century Park East to serve Lansberg personally, security told her that she could not enter the building due to COVID-19 restrictions. (*Id.* ¶¶ 3-4). Security instead called Landsberg's office and Brian Blakenship came down to meet Achucarro. (*Id.* ¶ 4). Achucarro then executed substitute service on Brian Blakenship. (*Id.*).

    Substitute service on Brain Blakenship was proper only if a copy of the summons and complaint could not "with reasonable diligence be personally delivered to" Landsberg. *See* Cal. Code Civ. Proc. § 415.20(b). "Indeed, in order to avail oneself of substituted service under section 415.20, two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.'" *Bd. of Trustees of Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 337, 156 Cal. Rptr. 3d 893 (2013). Considering the safety restriction put in place by Landsberg's building due to COVID-19, one attempt may have been sufficient.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-20-3853-MWF (PVCx)　　　　　　Date:  November 2, 2020
Title:　　Anthony Bouyer v. 603 San Fernando Road, LLC

  However, assuming but not deciding that one visit to Landsberg's office constitutes "reasonable diligence" in attempting to effectuate personal service, the substitute service was defective.

  First, Achucarro states that she "handed [Blakenship] the documents," but does not state whether she informed him "of the contents thereof." *See* Cal. Code Civ. Proc. § 415.20(b); *see also Shanghai Qichengyueming Inv. P'ship Enter. v. Jia Yueting*, CV 18-7723-SJO (JPRx), 2018 WL 6844712, at *3 (C.D. Cal. Dec. 11, 2018) (process server described contents of the documents to the recipient of substitute service); *Pension Plan for Pension Tr. Fund for Operating Engineers v. Constr. Materials Testing, Inc.*, CV 15-05325-DMR, 2017 WL 5514293, at *4 (N.D. Cal. Oct. 25, 2017) (process server "generally informed" recipient of the contents of the papers for substitute service to be effectuated).  This requirement is critical because if Blakenship did not know or understand the significance of the documents that Achucarro handed him, the documents may have ended up in a junk pile or recycling bin, rather than in Landsberg's hands.

  Second, the Court cannot determine whether Achucarro mailed "a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." *See id.* Achucarro's Declaration states that she "followed up with service via mail on May 15, 2020, as indicated on Exhibit 6 and signed the proof of service on May 18, 2020." Presumably Achucarro intended to refer to Exhibit 4, which includes the Proof of Service and Declaration of Due Diligence executed by Achucarro on May 18, 2020. (*See id.* 19-9, Ex. 4).  The Declaration of Due Diligence states that Achucarro "mailed a copy from Anaheim CA to the above address by first place mail postage fully prepaid."  (*Id.*).  However, two addresses are listed above this statement, Landsberg's former address and current address, and Achucarro does not include a photocopy of the addressed envelope.  (*Id.*).  Given the two different addresses listed, the Court could infer that Achucarro mailed the documents to the newer, correct address; but due to the rights at stake in entering default judgment, the Court declines to engage in guesswork.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-20-3853-MWF (PVCx)          **Date:** November 2, 2020
**Title:** Anthony Bouyer v. 603 San Fernando Road, LLC

Accordingly, the Court cannot determine that substitute service under Civil Procedure Code section 415.20(b) was proper.

Additionally, as a matter of discretion, the Court requires that a plaintiff serve an application for default judgment on the relevant defendant(s). While service need not strictly comply with Federal Rule of Civil Procedure 4, the Court does require that the service is reasonably likely to provide notice to the defendant(s). Exhibit 6 is a document signed by someone named Josie Barron who attests that she mailed a copy of Plaintiff's First Amended Application for Default Judgment, the Memorandum and Points of Authorities in Support, and the Declarations and Exhibits in Support to Ian Landsberg, Esq. at 9300 Wilshire Blvd. #565, Beverly Hills, CA 90212 through prepaid U.S. Mail on September 14, 2020. (*See* Docket No. 19-10, Ex. 6). This is Landsberg's *former* address. As a result, the Court is not satisfied that Defendant has actual notice of the Motion.

For the foregoing reasons, the Motion is **DENIED** without prejudice. Plaintiff must refile his Motion, with the service issues remedied, by **November 16, 2020**.

IT IS SO ORDERED.